UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | No. 3:10cv1739 (MRK) |
| | : | |
| GEORGE WHITEHOUSE, | : | |
| | : | |
| Respondent. | : | |

## **RULING AND ORDER**

On September 2, 2010, the United States of America filed a Petition to Enforce an Internal Revenue Summons [doc. # 1] in this Court against Respondent George Whitehouse. On November 2, 2010, Mr. Whitehouse appeared before the Court in connection with an Order to Show Cause [doc. # 2] regarding the IRS Summons.[1] At the hearing, Mr. Whitehouse asserted that requiring him to disclose the documents sought by the Government would infringe his rights under the Fourth and Fifth Amendments to the United States Constitution. At the conclusion of the hearing, the Court ordered Mr. Whitehouse to appear at the IRS's offices in Norwalk on December 3, 2010 and to produce the requested documents to the IRS. The Court also ordered the Government and Mr. Whitehouse to file briefs on the issues raised by Whitehouse no later than November 10, 2010. The Government submitted a timely brief, and Mr. Whitehouse submitted a brief on November 17, 2010.

---

[1] This case was originally docketed as No. 3:10mc131 (MRK), and was transferred to the current docket number – No. 3:10cv1739 (MRK) – when the Court scheduled a hearing on the Order to Show Cause [doc. # 2].

1

This Court previously addressed the issues raised by Mr. Whitehouse in another case, *United States v. Clark*, 574 F. Supp. 2d 262 (2008). As it did in *Clark*, the Government has established the elements of a *prima facie* case for enforcement here. *See id.* at 265. The Supreme Court set forth the elements of a *prima facie* case for enforcement in *United States v. Powell*, 379 U.S. 48 (1964). The Government must establish: (1) that there is a legitimate purpose for the investigation; (2) that the IRS's inquiry may be relevant to that legitimate purpose; (3) that the information sought is not already within the IRS's possession; and (4) that, in issuing the particular summons at issue, the IRS followed the administrative steps required by the Internal Revenue Code. *See id.* at 57-58. Here, the Government has a legitimate purpose for seeking documents from Mr. Whitehouse given that he failed to file tax returns; the IRS's inquiry is relevant to that legitimate purpose; the IRS does not already have the documents it seeks from Mr. Whitehouse; and the IRS has complied with all of the required administrative steps. *See id.*; *see, e.g.*, *Clark*, 574 F. Supp. 2d at 265.

Because the Government has established all of the elements of a *prima facie* case for enforcement, the burden shifts to Mr. Whitehouse to disprove any or all of those elements, or to demonstrate that judicial enforcement would be an abuse of this Court's process. *See Adamowicz v. United States*, 531 F.3d 151, 156 (2d Cir. 2008). The Court concludes that Mr. Whitehouse has not met that "heavy" burden. *Mollison v. United States*, 481 F.3d 119, 122 (2d Cir. 2007). He has not submitted any evidence tending to disprove any of the elements of the Government's *prima facie* case, *see Powell*, 379 U.S. at 57-58; *Adamowicz*, 531 F.3d at 156; and he has done nothing to show that the Summons at issue here was issued for an improper purpose, such as to harass him or pressure him to settle a collateral dispute. *See Powell*, 379 U.S. at 58; *Adamowicz*, 531 F.3d at 156.

Like Mr. Clark before him, Mr. Whitehouse argues that even though the *Powell* standard has

been satisfied in this case, requiring him to comply with the Summons at issue here would nevertheless deprive him of his constitutional rights under the Fourth and Fifth Amendments. *See Clark*, 574 F. Supp. at 265. As to Mr. Whitehouse's Fourth Amendment argument, it suffices to say that the federal courts have repeatedly recognized that "enforcement of an IRS summons does not violate the [F]ourth [A]mendment as long as the IRS has complied with the *Powell* requirements." *United States v. Reis*, 765 F.2d 1094, 1096 (11th Cir.1985); *see also Fisher v. United States*, 425 U.S. 391, 401 n. 7 (1976) (reasoning that although taxpayers had not raised any Fourth Amendment arguments, they "could not be successful if they had" where the *Powell* requirements had been satisfied); *Clark*, 574 F. Supp. 2d at 266 ("[B]ecause the Court finds that the IRS has satisfied the *Powell* requirements, there is no Fourth Amendment violation."). As in *Clark*, there is no possible Fourth Amendment violation here.

As to Mr. Whitehouse's Fifth Amendment argument, as the Court explained at length in *Clark*, the Fifth Amendment privilege against self-incrimination generally does not apply to incriminating documents. *See* 574 F. Supp. 2d at 266. Instead, it applies only to "*testimonial communication* that is incriminating." *Fisher*, 425 U.S. at 408 (emphasis added). Whether the documents at issue here were prepared by Mr. Whitehouse's accountant at Mr. Whitehouse's request, *see, e.g.*, *id.* at 409, or whether Mr. Whitehouse prepared them himself, *see, e.g.*, *In re Grand Jury Subpoena Duces Tecum*, 1 F.3d 87, 90 (2d Cir.1993), the Fifth Amendment privilege against self-incrimination does not protect their contents. *See United States v. Doe*, 465 U.S. 605, 612 n.10 (1984) ("If the party asserting the Fifth Amendment privilege has voluntarily compiled the document, no compulsion is present and the contents of the document are not privileged.").

That said, even though the contents of a document may not be privileged, the Fifth

Amendment does protect the "communicative aspects of the act of production." *United States v. Fox*, 721 F.2d 32, 36 (2d Cir.1983) (citing *Fisher*, 425 U.S. at 410). Under some limited circumstances, the mere act of producing a document might indeed amount to incriminating testimony. *See id.* Compliance with a summons requires incriminating testimony if the existence and location of the subpoenaed documents are unknown to the government and the taxpayer's compelled production of those documents "tacitly concedes the existence of the papers demanded and their possession or control by the taxpayer"; or, if the taxpayer's production of particular documents would "implicitly authenticate" those documents. *Fox*, 721 F.2d at 38; *see also In re Grand Jury Subpoena*, 256 Fed. App'x 379, 381-82 (2d Cir.2007) (affirming a district court's conclusions that the Government knew of the existence and location of certain records and that the mere act of production would not implicitly authenticate the records).

However, there is an important exception to the "communicative aspects" doctrine when the documents in question are "required records." *In re Two Grand Jury Subpoenae Duces Tecum*, 793 F.2d 69, 73 (2d Cir.1986) ("[T]he [required records] exception overrides the privilege against self-incrimination in situations in which the privilege would otherwise apply; that is, even if the compelled act of producing the required records might be testimonial and incriminating."). To constitute "required records," documents must satisfy a three-part test. *In re Doe*, 711 F.2d 1187, 1191 (2d Cir.1983) (quoting *Grosso v. United States*, 390 U.S. 62, 67-68 (1968)). "(1) [T]he requirement that they be kept must be essentially regulatory, (2) the records must be of a kind which the regulated party has customarily kept, and (3) the records themselves must have assumed 'public aspects' which render them analogous to public documents." *Id.* Courts in the Second Circuit have held that "required documents" include "W-2 forms, 1099 statements, tax returns, and employee

4

earnings statements." *United States v. Barile*, No. 1:06mc137 (LEK/RFT), 2007 WL 3534261, at *3 (N.D.N.Y. Nov. 13, 2007); *see also In re Doe*, 711 F.2d at 1191 ("We have little difficulty applying the required records exception to the W-2 and Schedule II prescription forms."); *United States v. Edgerton*, 734 F.2d 913, 918 (2d Cir.1984) ("There is precedent for holding that W-2s and Forms 1099 are required records."). Those are among the documents the IRS seeks from Mr. Whitehouse.

An individual who wishes to assert his Fifth Amendment right against self-incrimination cannot simply make a "blanket claim of privilege" as Mr. Whitehouse has done thus far in this case, including his recently filed brief. *United States v. Cianciulli*, No. M-18-304 (RMB THK), 2001 WL 1097919, at *3 (S.D.N.Y. Sept. 19, 2001); *see also United States v. Argomaniz*, 925 F.2d 1349, 1353 n. 8 (11th Cir.1991) ("[A] blanket claim of self-incrimination will not be successful in a civil IRS investigation."); *United States v. Schmidt*, 816 F.2d 1477, 1482 (10th Cir.1987) ("Appellants' generalized fear of criminal prosecution for a violation of the tax laws is an insufficient basis for asserting a blanket claim of the Fifth Amendment privilege in refusing to produce any of the documents requested by the summonses."). Instead, "to properly invoke the privilege, the taxpayer must comply with the summons by appearing and by asserting the privilege on a document-by-document basis." *Muratore v. Dep't of the Treasury*, 315 F. Supp. 2d 305, 310 (W.D.N.Y.2004); *see also Rogers v. United States*, 340 U.S. 367, 374 (1951) ("As to each question to which a claim of privilege is directed, the court must determine whether the answer to that particular question would subject the witness to a real danger of . . . incrimination."); *United States v. Van Rossem*, 164 F.3d 620, 620 (2d Cir.1998) ("The privilege against self-incrimination extends only to answers that would support a criminal prosecution, and Van Rossem failed to specify questions as to which he claimed the answers would incriminate him.").

5

As discussed above, the Court has already ordered Mr. Whitehouse to appear at the IRS's offices in Norwalk on December 3, 2010 and to produce the requested documents to the IRS. When Mr. Whitehouse appears on December 3, 2010, he may elect to continue to assert his Fifth Amendment privilege against self-incrimination. However, the Court cautions Mr. Whitehouse that in order to have any hope of prevailing on his claim of privilege, he will need to assert that privilege on a document-by-document basis. If he insists on continuing to assert a generalized Fifth Amendment privilege over all of the requested documents, that claim will not prevail.

IT IS SO ORDERED.

/s/    Mark R. Kravitz
United States District Judge

Dated at New Haven, Connecticut: **November 19, 2010.**